IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATANAEL RIVERA,

                         Plaintiff,

    v.

CORRECTIONAL OFFICIAL DINSE,
MICHAEL BAENEN, AMY BASTEN,
CORRECTIONAL OFFICIAL LEGOIS,
CATHY FRANCOIS, CHARLES COLE,
WELCOME ROSE, CATHY JESS and
JOHN OR JANE DOES 1-20,

                         Defendants.

OPINION AND ORDER

12-cv-509-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Natanael Rivera has filed a proposed complaint under 42 U.S.C. § 1983. Although many of plaintiff's allegations are difficult to understand, he seems to be alleging that various prison officials are refusing to give him new "legal loans" unless he submits documentation from a court showing the necessity of the new filing. He contends that this violates his right of access to the courts and Wis. Stat. § 301.328(1m). He says that defendants' requirement is preventing him from litigating particular lawsuits, filing notices of claim and pursuing administrative grievances. In addition, plaintiff has filed a motion for a preliminary injunction in which he seeks "to stop all collection" until the case is resolved. Dkt. #2.

      Because plaintiff is a prisoner, I must screen his complaint to determine whether it

states a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A. Having reviewed the complaint, I conclude that all his claims must be dismissed because they have no merit. This moots his motion for a preliminary injunction.

With respect to plaintiff's state law claim, he says that defendants are violating Wis. Stat. § 301.328(1m), a provision that governs the loans that prisoners may receive from the state to conduct litigation:

> No prisoner may receive more than $100 annually in litigation loans, except that any amount of the debt the prisoner repays during the year may be advanced to the prisoner again without counting against the $100 litigation loan limit. No prisoner may receive a litigation loan in any amount until he or she has repaid a prior loan in full or has made arrangements for repayment.

In particular, plaintiff says that defendants have concluded wrongly that he has not "made arrangements for repayment." In addition, he says that the requirement to provide supporting documentation with a request for a legal loan is not part of the statute.

Whether defendants are interpreting § 301.328(1m) correctly is irrelevant for the purpose of this case. The statute is a limitation on the amount of legal loans a prisoner may receive; it does not create a private cause of action for prisoners. Kranzush v. Badger State Mutual Insurance Co., 103 Wis. 2d 56, 74-79, 307 N.W.2d 256, 266-68 (1981) (right of action to enforce statute or regulation does not exist unless directed or implied by legislature). If plaintiff believes defendants are placing improper restrictions on his legal loans because of a misinterpretation of state law, he must file a petition for a writ of certiorari in state court. Outagamie County v. Smith, 38 Wis. 2d 24, 34, 155 N.W.2d 639, 645 (1968) (with respect to laws that are not made enforceable by statute expressly, action

is reviewable only by certiorari). A federal court cannot require state officials to comply with state law. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984).

This conclusion applies equally to plaintiff's second objection, that defendants are imposing requirements not included in the statute. Further, even if plaintiff could enforce § 301.328(1m) in this court, that would not help plaintiff. The statute imposes limitations on circumstances under which prisoners may obtain a legal loan, but it does not prohibit prison officials from imposing additional requirements not found in the statute.

With respect to his federal law claims, plaintiff relies on the rule from Bounds v. Smith, 430 U.S. 817, 825 (1977), that prisoners have a right to meaningful access to the courts. However, one important limitation on that right is that the plaintiff must show that he suffered an "actual injury," which means that defendants hindered his ability to litigate a particular case. Lewis v. Casey, 518 U.S. 343, 351 (1996).

Plaintiff says that he "lost" a case he filed in the Eastern District of Wisconsin, Rivera v. Drake, 09-cv-1182-jps, and was unable to appeal it because of the documentation requirement. (Plaintiff says he "could not appeal case no. *10*-cv-1182," but I assume that is a typographical error because the case he cites involved different parties.) However, plaintiff does not identify any particular document he was unable to file that could have made a difference to the outcome of the case. Further, a review of the electronic docket for case no. 09-cv-1182-jps shows that plaintiff filed many motions and other documents throughout the litigation. Although the court granted defendants' motion for summary judgment, this was not because plaintiff failed to submit a response to the motion or any

3

other document. Rather, the court dismissed the case because it concluded that the facts showed that the defendants did not violate plaintiff's constitutional rights. Rivera v. Drake, 09-cv-1182-jps (E.D. Wis. Feb. 22, 2012), dkt. #91. With respect to his appeal, the electronic docket of the Court of Appeals for the Seventh Circuit shows that the parties are briefing the appeal now. Rivera v. Drake, No. 12-1585 (7th Cir.). Thus, plaintiff cannot prevail on a claim that defendants hindered his ability to prosecute case no. 09-cv-1182-jps. He does not identify any other lawsuits defendants allegedly prevented him from litigating.

To the extent plaintiff means to allege that defendants' policy is preventing him from bringing new lawsuits, that allegation is belied by the fact that in the last several months, plaintiff has filed three cases in this court in addition to this one. Rivera v. Minning, 12-cv-520-bbc (W.D. Wis.); Rivera v. Jimenez, 12-cv-476-bbc (W.D. Wis.); Rivera v. Schultz, 12-cv-240-bbc (W.D. Wis.). Because plaintiff is filing so many cases, it would be reasonable for defendants to enact policies to insure that plaintiff is using his legal loans appropriately. In any event, I am not aware of any necessary documents that plaintiff has been unable to file in those cases as a result of any policies or practices of defendants.

Next, plaintiff says that defendants are preventing him from appealing administrative grievances. However, the document plaintiff cites to support this allegation suggests that defendant Legois rejected his request for a legal loan for an appeal not because plaintiff failed to show that the appeal was necessary, but because he failed to include a signature on his application. Dkt. #3-3. In any event, prison officials are under no constitutional obligation to help prisoners through the grievance system or, for that matter, provide any grievance

4

system at all. Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."); see also Grieveson v. Anderson, 538 F.3d 763, 772-73 (7th Cir. 2008); Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996). If prison officials prevented plaintiff from completing the grievance process, then defendants cannot prevail on a motion to dismiss the case for plaintiff's failure to exhaust his administrative remedies, Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002), but plaintiff does not have a separate claim for that conduct.

Finally, plaintiff says that defendants refused to give him a legal loan to file a notice of claim. This is another nonstarter because a prisoner's right of access to the courts is limited to challenges to his or her conviction and to claims brought under the United States Constitution challenging the prisoner's conditions of confinement. Lewis, 518 U.S. at 355. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. Because a notice of claim filed under state law does not involve a challenge to plaintiff's custody or a constitutional violation, this claim must be dismissed as well.

ORDER

IT IS ORDERED that

1. In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, plaintiff Natanael Rivera's complaint is DISMISSED for his failure to state a claim upon which relief may be granted.

2. Plaintiff's motion for a preliminary injunction, dkt. #2, is DENIED as moot.

3. Plaintiff is obligated to pay the unpaid balance of his filing fees in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under <u>Lucien v. DeTella</u>, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fees have been paid in full.

4. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

5. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 26th day of September, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge